219 F.2d 131
 104 U.S.P.Q. 230
 THYS COMPANY and E. Clemens Horst Company, Appellants,
v.
ANGLO CALIFORNIA NATIONAL BANK, Executor of the Estate of
Sophia Oeste, deceased, Appellee.
THYS COMPANY, a corporation, Appellant,
v.
ANGLO CALIFORNIA NATIONAL BANK, Executor of the Estate of
Sophia Oeste, Deceased, appellee.
ANGLO CALIFORNIA NATIONAL BANK, Executor of the Estate of
Sophia Oeste, Deceased, Appellant,
v.
THYS COMPANY, a corporation, Appellee.
 Nos. 13885, 13947.
 United States Court of Appeals, Ninth Circuit.
 Jan. 25, 1955.
 
 Stephen S. Townsend, Carl Hoppe, Townsend, Townsend & Hoppe, San Francisco, Cal., for appellants.
 C. K. Curtright, Sacramento, Cal., Arlington C. White, Margaret E. White, White & White, San Francisco, Cal., for appellees.
 Before HEALY, and BONE, Circuit Judges, and BOLDT, District Judge.
 PER CURIAM.
 
 
 1
 These are companion suits for damages for alleged patent infringement. They relate to contrivances in the field of hop harvesting. No. 13,885 involves patent No. 2,226,009, issued December 24, 1940, for a separator belt composed of woven netting materials. No. 13,947 involves patent No. 2,448,063, issued August 31, 1948, describing wire picking fingers the adjacent legs of which have complementary bends serving to interconnect the fingers. The claims in suit are set out in the opinions of the district court reported in 111 F.Supp. 665 and 114 F.Supp. 403. The court found both patents invalid for want of invention.
 
 
 2
 The brief of appellants in each case is notable chiefly for an almost complete disregard of our rules. Following are examples of this shortcoming: Rule 18, subdivision 2(c), requires a concise abstract or statement of the case, presenting succinctly the questions involved and the manner in which they are raised. Throughout the whole of a 56-page statement of the case in No. 13,885 this requirement is ignored. The facts are commingled with arguments in such manner as to render the one indistinguishable from the other. Any clear understanding of the facts and of the contentions of the appellants in relation to them is rendered virtually impossible. Requirements of subdivision 2(d) of the Rule were likewise disregarded. One of these requirements is that briefs in all cases shall contain 'a specification of errors relied upon which shall be numbered and shall set out separately and particularly each error intended to be urged.' Appellants' specifications of error 1, 3, and 4 each allege four or more separate errors. Specifications of error which set out more than one error are improper and need not be considered. Mutual Life Ins. Co. of New York v. Wells Fargo Bank & Union Trust Co., 9 Cir., 86 F.2d 585, 587. Here, appellants' first specification of error combines alleged errors as to five findings of fact, four conclusions of law, and two distinct questions relating to the admissibility of evidence. The specification does not, as this provision of the Rule requires, 'state as particularly as may be wherein the findings of fact and conclusions of law are alleged to be erroneous.' Defects in this particular are not remedied by referring the reader to the pages of the brief where the points are argued. Cf. Monaghan v. Hill, 9 Cir., 140 F.2d 31, 34. Further, in disregard of the rule, the particular points raised are not stated in full before being discussed, several allegedly erroneous findings of fact are joined under one heading for argument, and there is a failure to state with particularity wherein some of them are thought to be erroneous. Specification 1 further disregards that portion of Rule 18, subdivision 2(d), which directs that 'when the error alleged is to the admission or rejection of evidence the specification shall quote the grounds urged at the trial for the objection and the full substance of the evidence admitted or rejected, and refer to the page number in the * * * transcript where the same may be found.'
 
 
 3
 The brief in No. 13,947 exhibits little if any greater regard for our requirements than that in No. 13,885. The examples given above are merely illustrative of the generally disordered, confused, and confusing presentation characteristic of both of appellants' briefs. The purpose of the requirements in respect of briefs is to conserve the time and energy of the court and clearly to advise the opposite party of the points he is obliged to meet. These purposes were not served here. We may add that throughout the briefs-- and the oral argument as well-- appellants' counsel displayed a tendency to philosophize, to dwell upon what he thinks the decisional law in the patent field ought to be rather than what it is. Such arguments may be interesting but they are not helpful to the court.
 
 
 4
 Where, as here, the brief for an appellant exhibits a gross disregard of the requirements of our rules, a dismissal of his appeal is warranted. Nevertheless we have considered the general contention here made that the findings of invalidity of the patents in suit for want of novelty or invention are not supported by the record. We are of opinion that these findings are substantially supported and are not clearly erroneous. Considering the state of the prior art the allegedly patentable combinations appear no more than aggregations or assemblies of elements all old in the art. At best they spell mere mechanical skill or ingenuity, not invention.
 
 
 5
 Appellee sought judgment for attorney fees which the district court did not allow. This action was not an abuse of the district court's discretion.
 
 
 6
 Judgments affirmed in both cases.