**Mario PERAZA, Plaintiff-Appellant,**

v.

**Paul DELAMETER, James Keane, and City of Santa Monica, Defendants-Appellees.**

No. 83–5853.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 9, 1983.

Decided Jan. 3, 1984.

As Corrected Jan. 13, 1984.

Stephen Yagman, Los Angeles, Cal., for plaintiff-appellant.

Yvonne Binstock, Santa Monica, Cal., for defendants-appellees.

Before CHOY and ANDERSON, Circuit Judges, and SOLOMON,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Peraza appeals the judgment rendered against him on his 42 U.S.C. § 1983 action seeking damages for injury sustained when the Santa Monica police allegedly used excessive force to arrest him. Peraza contends that four instances of reversible error were committed by the trial court. We affirm.

1. Admission of the Canine Policy

The district judge did not abuse his discretion when he admitted the Santa Monica Police Department's Canine Policy into evidence over Peraza's objection. The City did not conceal it or unduly surprise Peraza with the policy. The policy is a matter of public record. In an answer to an interrogatory in which the plaintiff asked the City to provide a copy of the policy if one existed, the City responded that one was "attached." The City's attorney testified that, to her knowledge, a copy was sent to Peraza. The policy was included with the bundle of defense exhibits provided to Peraza's counsel. Peraza should have moved to compel production because the interrogatory was adequate notice of the policy's existence, even if we assume he did not receive it. Also, there is a presumption of delivery upon mailing. *See* Fed.R.Civ.P. 5(b). We

---

* The Honorable Gus J. Solomon, Senior United States District Judge, District of Oregon, sitting by designation.

simply cannot agree that the trial judge committed an abuse of discretion when he allowed the City to admit the policy into evidence.

### 2. Evidence of Subsequent Bad Acts

The trial judge also did not abuse his discretion by admitting the City's evidence which showed Peraza had subsequent encounters with the police and difficulties in school. The trial judge had a sufficient basis to conclude this evidence went to the issue of damages and he correctly instructed the jury to limit its consideration of this evidence to that issue. Peraza claims the City put on this evidence before he had raised the issue of damages. Damages, however, were always at issue because Peraza's complaint sought $100,000 from each defendant for the injury incurred by his "head, body and psyche" as a result of the arrest. C.R. 1 at 2, 9.

### 3. Good Faith Instruction

The good faith defense instruction was adequate to apprise the jury of the applicable law. The judge is not required to use the exact language proposed by a party as long as the substance of the law is correct. *Van Cleef v. Aeroflex Corp.,* 657 F.2d 1094, 1099 (9th Cir.1981). An instruction based on *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) was unnecessary because Peraza failed to request one. Fed.R.Civ.P. 51.

Finally, the trial judge was not obliged to instruct the jury that it was the defendants' burden as part of their good faith defense to prove that the force used to arrest was not excessive. We disapprove of the holding in *Guyton v. Phillips,* 532 F.Supp. 1154, 1160 (N.D.Cal.1981). It does not correctly reflect the law. We note that generally the issue of good faith arises as a defense if the plaintiff proves that a constitutional violation has occurred. *See* S. Nahmod, *Civil Rights & Civil Liberties Litigation,* § 8.01 (1979). It follows that until a plaintiff proves excessive force was used in effectuating the arrest, there is no constitutional violation in a case such as this where there is no dispute that the police had the right to arrest Peraza.

### 4. Comments to the Jury by the Trial Judge

Peraza contends that his right to a jury trial was prejudiced by the trial judge's comments to the jury on the evidence. Federal practice, however, permits the judge to make such comments, *Quercia v. United States,* 289 U.S. 466, 469–470, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933), and without elaboration by Peraza as to the statements made and the prejudice incurred, we must reject this contention.

The judgment of the district court is AFFIRMED.