Stuart HAMBLEN, Plaintiff/Appellant,

v.

COUNTY OF LOS ANGELES, et al., Defendants/Appellees.

No. 85–5735.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 1, 1986.

Decided Oct. 23, 1986.

Stephen Yagman, Los Angeles, Cal., for plaintiff/appellant.

Robert Lewis, Ladell Muhlestein, Chase, Rotchford, Drukker & Bogust, Los Angeles, Cal., for defendants/appellees.

Before NELSON, HALL and KOZINSKI, Circuit Judges.

PER CURIAM:

On August 10, 1982, appellant Hamblen was denied access to an area in which a fire was burning. He was subsequently arrested and detained in a patrol car for a brief period. On the basis of this incident, Hamblen filed suit under 42 U.S.C. §§ 1983, 1985, 1986 (1982), against the county and three individual law enforcement officers, alleging his civil rights were violated by what he claimed was an unreasonable seizure and use of excessive force. After a jury trial, judgment was entered on a verdict in favor of defendants.

## I.

Appellant now complains that an instruction on the good faith/qualified immunity of the individual defendants should not have been given, because the law with respect to unreasonable seizures and exces-

sive force was "clearly established." Unfortunately, appellant fails to tell us which jury instruction he considers erroneous. His opening brief does not contain the language of, or a proper citation to, the instruction of which he complains. It merely notes that "the court was requested by defendants to give a good faith/qualified immunity jury instruction, CR–58, 60, and 64, objection was made, and the court gave such an instruction. CR–73." None of these citations to the clerk's record were included in appellant's excerpts of record, in clear violation of Ninth Circuit Rule 13(a)(1)(B). In fact, his original excerpts contained none of the transcript from the court below.

When this deficiency was brought to his attention, appellant moved to supplement his excerpts of record to include the required material. His excuse was that his attorney "counted upon trial counsel not raising this point on appeal." Motion for Permission to Designate Portion of Reporter's Trial Transcript at 3. As appellant's attorney should have known, *see* note 4 *infra,* inclusion of this material is not a matter to be agreed upon by counsel. The court must be able to examine the instruction given by the district court and, if it is found to be erroneous, determine whether an adequate objection was made. Appellant's motion was nevertheless granted. Incredibly, his supplemental designation still did not contain the language of the instruction objected to, nor is it set forth or described in his reply brief.

Although appellant failed in his responsibility to put the allegedly objectionable language before us, *Sanabria v. International Longshoremen's Ass'n Local 1575,* 597 F.2d 312, 313 (1st Cir.1979), appellee Dibene did include all the instructions given by the district court in his supplemental excerpts of record. Appellant left us to sift through this package of instructions to find those possibly relevant to this appeal and then to search the transcript he provided to determine whether an adequate objec-

tion was made.[1] The only instruction relating to good faith is instruction 39, to which appellant made nothing resembling an objection.[2] We must therefore dismiss Hamblen's appeal. Fed.R.Civ.P. 51.

## II.

■ The manner in which this appeal was pursued by Hamblen's attorney, Stephen Yagman, raises additional concerns. Appellant presented us with an opening brief three and one-half pages in length. While brevity is a virtue, this effort fails to meet the requirements of a minimally acceptable appeal. At the risk of writing an opinion far longer than the brief itself, a description of some of its shortcomings may prove instructive to Yagman and others.

Federal Rule of Appellate Procedure 28 requires that appellant's brief contain a statement of the case, which "shall first indicate briefly the nature of the case, the course of proceedings, and its disposition in the court below." A "statement of facts relevant to the issues presented for review" must follow, with "appropriate references to the record." Fed.R.App.P. 28(a)(3). Yagman's brief fails in all these respects. His "statement of the case" barely hints at the nature of the case and

its disposition in the court below. It contains not a single mention of the circumstances giving rise to Hamblen's claim. The statement does not even tell us who won or how.[3] As noted above, his brief completely fails to apprise us as to the language of the instruction of which he complains. Moreover, the cover of appellant's brief does not comport with our standards: It fails to identify the nature of the proceeding or the court appealed from. Fed.R.App.P. 32(a)(3). Yagman's duplicating process left part of his brief barely legible. He even neglected to provide the requisite tan cover for his excerpts of record. Ninth Cir.R. 13(a)(4). All told, Yagman's pleadings are so riddled with deficiencies, they leave us entirely in the dark as to what his client's case is all about.

Appellate rules governing the form of briefs do not exist merely to serve the whimsy of appellate judges. Some of the requirements, such as what should be included in the statement of the case, are essential for the proper disposition of an appeal. Others, such as the order of presentation or the color of the cover, make our operation more efficient, enabling us to devote adequate time to each of the multitude of cases brought before us. *See Thys*

1. Instead of designating only the pages containing his objection to the instructions at issue, as required by Ninth Circuit Rule 13(a)(1)(B), appellant included the entire instructions conference in his supplemental excerpts of record. None of his filings tell us which instruction is at issue or where his objection is recorded. At oral argument, appellant's counsel indicated portions of the supplemental designation he claimed contained the relevant objections. None of these objections support this appeal:

   p. 10, lines 15–22: The court refuses to give appellant's own instruction on good faith; whether and on what grounds appellant objects is unclear from the transcript. In any case, appellant argues on this appeal that the court erred in giving a good faith instruction at all, not that it refused to give the instruction he wanted.

   p. 15, lines 10–13: Appellant objects to instruction 38, which is not contained in any of excerpts before us. In any event, appellee withdrew the instruction before the court could rule.

   p. 20, lines 10–18: Appellant objects to instruction 45, which he characterizes as "argument." Instruction 45 sets forth the earthshaking proposition that damages must be limited to those that will reasonably compensate the plaintiff and that proximately result from the injury. Needless to say, this instruction has no bearing on this appeal.

2. The only reference to this instruction in the excerpts of record is the following:

   THE COURT: All right. Do you want 39? MR. TRASK (appellee's attorney): Yes, sir. THE COURT: I will give 39, since there has been some testimony on that. Appellant's Supplemental Transcript at 15.

3. Although Yagman does sprinkle a few facts into his legal argument, this approach is totally unacceptable. *See Thys Co. v. Anglo California National Bank*, 219 F.2d 131, 132 (9th Cir.), *cert. denied*, 349 U.S. 946, 75 S.Ct. 875, 99 L.Ed. 1272 (1955).

*Co. v. Anglo California National Bank,* 219 F.2d 131, 133 (9th Cir.), *cert. denied,* 349 U.S. 946, 75 S.Ct. 875, 99 L.Ed. 1272 (1955) ("purpose of the requirements in respect of briefs is to conserve the time and energy of the court and clearly to advise the opposite party of the points he is obliged to meet"). While failure to comply with a single technical requirement might not be cause for alarm, Yagman's wholesale disregard of the rules of appellate procedure—and those of common sense— makes it impossible for us or opposing counsel to deal with the merits of appellant's contentions.[4]

Aside from its form, the substance of the brief is irresponsibly frivolous. As best we can gather from the two-page portion that Yagman labels legal argument, he claims that defendants are not entitled to a good faith/qualified immunity defense because the law with respect to unreasonable seizures and excessive force was clearly established at the time of the alleged violation. Yagman gives no reason, let alone supporting authority, for his contention that the law was clear in these circumstances. In fact, he neglects to describe the circumstances. Therefore, his contention, if anything, must be that the law is clearly established in all cases alleging unreasonable seizure and excessive force.

This argument, if it is indeed what Yagman claims, cannot survive in the face of clear authority that the qualified immunity defense is available in cases of unlawful arrest, *Pierson v. Ray,* 386 U.S. 547, 555–57, 87 S.Ct. 1213, 1218–19, 18 L.Ed.2d 288 (1967), and excessive force, *Peraza v. Delameter,* 722 F.2d 1455, 1457 (9th Cir.1984). *Accord Bledsoe v. Garcia,* 742 F.2d 1237, 1239–40 (10th Cir.1984); *Landrum v.*

*Moats,* 576 F.2d 1320, 1327 (8th Cir.), *cert. denied,* 439 U.S. 912, 99 S.Ct. 282, 58 L.Ed.2d 258 (1978). Yagman fails to address or even mention these precedents. His entire argument, consisting of bare legal conclusions and fragmented, unsupported factual assertions, is a textbook example of feckless lawyering. It put the appellees to unnecessary and unwarranted expense in preparing responses and appearing at oral argument.

Appellees are entitled to attorney's fees and double costs on this appeal, to be paid by Yagman and his firm, and not to be charged to appellant.[5] Fed.R.App.P. 38; 28 U.S.C. § 1927 (1982). *See also Maneikis v. Jordan,* 678 F.2d 720, 722–23 (7th Cir.), *cert. denied,* 459 U.S. 990, 103 S.Ct. 346, 74 L.Ed.2d 386 (1982). In addition, the clerk is directed to send a copy of this opinion directly to appellant Hamblen. Finally, we take this opportunity to advise Mr. Yagman that continued failure to abide by the rules of this court may result in formal disciplinary proceedings. *See* Fed. R.App.P. 46(b)–(c); *In re Tranakos,* 639 F.2d 492 (9th Cir.1981).

DISMISSED WITH SANCTIONS.

---

**4.** The failure to include the reporter's transcript pages indicating the instruction given and the objection thereto is especially condemnable because it seems to be standard operating procedure for Mr. Yagman. *See In re Yagman,* 796 F.2d 1165, 1176 n. 11 (9th Cir. 1986) (Yagman failed to include portion of reporter's transcript relating to exclusion of evidence in excerpts of record); *Palmerin v. City of Riverside,* 794 F.2d 1409, 1414 (9th Cir. 1986) (appeal concerning admission of evidence could not be reviewed because Yagman failed to designate transcript containing evidence and objection).

**5.** Appellees have 14 days from the filing of this opinion to submit their bill of costs and attorney's fees. Yagman may object within seven days thereafter to the amounts claimed. The matter shall be presented to this panel.