**Joseph C. SLACK, Appellant,**

v.

**ST. LOUIS COUNTY GOVERNMENT; St. Louis County Police Department; Gene McNary, County Executive; Col. Gilbert Klienknecht, Supt. of County Police; Robert Stoverink, Dir. of Personnel, St. Louis County Police; Earl R. Chambers, Former Dir. of Personnel, St. Louis County Police Department; Major Lawrence Wadsack, Exec. Dir. Special Operations; John W. Munyat, Dir. of Security Services; Edward E. Carpenter, Chairman Civil Service Commission; and, Captain Leo Frank Gomez, Security Supv., St. Louis County Police, Appellees.**

No. 90–1344.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 10, 1990.

Decided Nov. 26, 1990.

Nadine V. Nunn, St. Louis, Mo., for appellant.

Dana K. Pulis, Clayton, Mo., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and FAGG, Circuit Judge.

PER CURIAM.

Joseph Slack appeals the district court's dismissal of his complaint brought under 42 U.S.C. § 2000e (Title VII) and 42 U.S.C. § 1981, and the Thirteenth and Fourteenth Amendments. The district court dismissed Slack's complaint for, among other reasons, failure to state a claim upon which relief could be granted, and lack of subject matter jurisdiction.

St. Louis County argues that Slack's appeal should be dismissed and the district court's order dismissing his complaint should be affirmed because Slack's brief on appeal does not comply with Fed.R.App.P. 28. That provision states, in pertinent part:

1. Slack's original brief filed with the court was rejected by the clerk's office because it did not comport with the Federal Rules of Appellate Procedure, or with applicable Eighth Circuit

The brief of appellant shall contain under appropriate headings ... [a] statement of the case. The statement shall first indicate briefly the nature of the case, the course of proceedings, and its disposition in the court below. There shall follow a statement of the facts relevant to the issues presented for review, with appropriate references to the record.

Fed.R.App.P. 28(a)(3) (West 1990).

Slack's appellant brief, as amended,[1] contains no recitation of the facts required by Rule 28. A few relevant facts are intermingled with the procedural history and in the two page argument section, but that is not enough. *Cf. Hayes v. Invesco,* 907 F.2d 853, 854 n. 3 (8th Cir.1990) (warning counsel that it is improper to mix arguments in with recitation of facts). The procedural history of a case is not the same as the facts underlying the substantive legal claims, facts which this court needs to decide the case properly. We agree with the Ninth Circuit that:

Appellate rules governing the form of briefs do not exist merely to serve the whimsy of appellate judges. Some of the requirements, such as what should be included in the statement of the case, are essential for the proper disposition of an appeal.

*Hamblen v. County of Los Angeles,* 803 F.2d 462, 464 (9th Cir.1986).

Slack's brief also fails to point out the basis of alleged error by the district court. It does not challenge the reasoning of the court, but appears to merely repeat several arguments already made to the district court concerning the timeliness of filing the initial action. "[P]oints which simply invite the court to search for error present no question for decision by this court." *Kiilvent Metal Awning Corp. of America v. Bottom,* 205 F.2d 209, 214 (8th Cir.1953).

Appeals that fail to comply with the applicable rules governing briefs are subject to dismissal. *United States v. 339.77*

Rules. On June 8, 1990, Slack filed an amended brief. It is this brief which we consider in making our decision.

*Acres of Land, Arkansas,* 420 F.2d 324, 325 (8th Cir.1970).[2]

 Accordingly, we summarily dismiss Slack's appeal. The appellant's brief is not in compliance with the Federal Rules of Appellate Procedure. We find the appeal frivolous. We assess double costs against the appellant and order they be paid by counsel for the appellant. We deny defendant St. Louis County's motion for attorney's fees.

---

**2.** Even were we to reach the merits of Slack's appeal, we would find no basis for reversing the district court. Slack first argues that he stated a claim for relief and that he met the requirements of Fed.R.Civ.P. 8 because his complaint gives fair notice to the other party of the basis of his claims. Such a conclusory argument fails to counter the numerous flaws that the district court found with Slack's complaint. Slack also argues that the district erred by finding it lacked subject matter jurisdiction. Slack's only argument involves the timing of the filing of his complaint. It fails to address the other bases the district court relied on in dismissing Slack's complaint. Given these circumstances, we cannot say the district court erred.