**February 11, 1992**

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

JUAN B. CAMACHO, et al., )
                         )    APPEAL NO. 89-015
    Plaintiffs/Appellants, )  CIVIL ACTION NO. 88-270
                         )
    vs.                  )
                         )    ORDER RE COSTS
J. C. TENORIO ENTERPRISES, INC., )  AND ATTORNEY'S FEES
                         )
    Defendant/Appellee.  )
_____)

## COSTS

Appellee's bill of costs in the amount of $155.00 is reasonable and is, therefore, approved.

## ATTORNEY'S FEES

The Court has reviewed appellee's itemized and verified bill for attorney's fees, including its supporting memorandum and appellants' opposition memorandum, to ascertain a reasonable attorney's fees to award appellee.[1]  We approve all the fees sought, except those fees dealing with the examination and analysis

---

[1] We have previously granted appellee's Petition for Rehearing to clarify the award of sanctions in the amount of $2500 made by the Appellate Division of the District Court for the Northern Mariana Islands. Camacho v. J. C. Tenorio Enterprises, Inc., No. 89-015 (N.M.I. Jan. 3, 1992) ("Decision and Order"). We held that the award of sanctions was not clear. We agreed with appellee's reason as to why the award was not clear and ordered that appellee submit its costs and fees, with appellants filing any objections they wished.

of appellants' brief, and with the writing of appellee's brief. We do not believe it reasonable to charge 46.42 hours to examine appellants' brief and to prepare appellee's brief.

We have examined both appellants' brief and appellee's brief that were filed in the Appellate Division of the District Court for the Northern Mariana Islands (hereafter Appellate Division). We disagree with the contention that appellants' brief "is a textbook example of feckless lawyering." Appellee's Bill for Attorney's Fees at 4, citing to Hamblem v. County of Los Angeles, 803 F.2d 462, 465 (9th Cir. 1986).

Our decision on what is a reasonable attorney's fees is guided by Rule 1.5 of the American Bar Association "Model Rules of Professional Conduct."[2] In this particular case, the factor of "the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly" leads us to conclude that the number of hours being charged is excessive and unreasonable.

Appellants' brief framed the issue as "Whether the Commonwealth Trial Court Erred in Assessing Sanctions Pursuant to Rule 11 ERCP [sic]." Appellants' Brief at 1. In their argument, they contended first that their complaint was well-grounded in fact. Id. at 4-11. They next argued that their legal arguments were warranted by existing law. Id. at 11-17.

Appellee's brief posed three issues. The first issue stated

_____

[2]See Rule 2, "Disciplinary Rules and Procedures," Commonwealth of the Northern Mariana Islands, making the Model Rules applicable in the Commonwealth.

511

was "Whether the verified complaint demanding redemption of real property which had not been purchased at a forclosure [sic] sale was well grounded in fact." Appellee's Brief at 2. The second issue noted was "Whether the verified complaint which was filed in this action was warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." Id. at 3. The third issue does not concern the appropriateness of the trial court award of sanctions but raised the appropriateness of an award of sanctions in the appellate court.

The Appellate Division affirmed the trial court award of sanctions only on the ground that the complaint was not well grounded in fact. It did not address the issue of whether the complaint was warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Camacho v. J. C. Tenorio Enterprises, 3 CR 964, 970 (D.N.M.I. App.Div. 1989).

We agree that appellants' brief did not state the issues using the words found in Rule 11. Perhaps it would have been clearer if they stated the issues as whether the complaint was well grounded in fact, warranted by existing law, or raised a good faith argument for the extension, modification, or reversal of existing law. However, appellants' brief did argue these points, as mentioned above. Appellants' should not bear the cost of appellee in rewording or reorganizing appellants' brief in a form that it prefers, when there was no need to do so.

Although Rule 11 sanctions were unsettled in the Commonwealth

at that time, it was settled by the Ninth Circuit in the case cited by all parties and the Appellate Division, i.e., <u>Zaldivar v. City of Los Angeles</u>, 780 F.2d 823 (1986). At that time, the Commonwealth, through the Appellate Division, was bound by decisions of the Ninth Circuit Court of Appeals.

Furthermore, counsel for appellee is an experienced and skillful attorney who could have researched and briefed the issues in a substantially less amount of time.

Under the circumstances, we believe that reasonable attorney's fees for the review of appellants' brief and for the preparation of appellee's brief should be one-half of those submitted by appellee.

It is hereby **ORDERED** that:

1.  Appellee is awarded costs in the amount of $155.00;

2.  Appellee is awarded attorney's fees in the amount of $5,401.35.

3.  The mandate shall issue 14 days after the date of this order.

Jose S. Dela Cruz
Chief Justice

Ramon G. Villagomez
Justice

Jesus C. Borja
Justice