**John S. TRINSEY, Jr., Plaintiff,**

v.

**K. HOVNANIAN AT UPPER MERION, INC. and RTC as Receiver for Nassau Federal Savings and Loan Association, Defendants.**

**Civ. No. 93–1695.**

United States District Court, E.D. Pennsylvania.

Jan. 13, 1994.

John S. Trinsey, Jr., pro se.

Timothy W. Callahan, II, Philadelphia, PA, for K. Hovnanian at Upper Merion, Inc.

Edward S. Mazurek, Philadelphia, PA, for Resolution Trust Corp. as Receiver for Nassau Fed. Sav. and Loan Ass'n.

## MEMORANDUM/ORDER

LOUIS H. POLLAK, District Judge.

This memorandum/order addresses defendant Resolution Trust Corporation's May 3, 1993 Motion for Partial Summary Judgment on Claims for Equitable Relief in the above-captioned case. This particular chapter in plaintiff John S. Trinsey's relentless litigation arises out of the public auction of the property known as "Rebel Hill" on June 25, 1992. The Resolution Trust Corporation ("RTC") auctioned the property in its role as receiver for the failed Nassau Federal Savings and Loan Association, which had obtained title to the property through mortgage foreclosure against Trinsey in 1989.

Plaintiff appeared at the RTC's auction in an effort to bid on the property, despite being in bankruptcy. He claims that the RTC ignored his bid of $4,550,000, and unlawfully conveyed the property to a corporation affiliated with defendant Hovnanian for $4,275,000. Since acquiring Rebel Hill, Hovnanian has allegedly engaged in substantial construction and marketing of housing on the property, and has invested several million dollars in its development effort.

On December 4, 1992 Trinsey filed this action in which he seeks, among other relief, to force the RTC to rescind the sale of Rebel Hill to Hovnanian and to convey the deed to him. In the instant motion, the RTC moves for summary judgment on the equitable relief requested by Trinsey in Count 1 of his complaint, in which he asks this court to (1) set aside or declare void the RTC's July 14, 1992 sale agreement with Hovnanian (Count 1(iii)); (2) set aside or declare void the RTC's September 4, 1992 deed to Hovnanian (Count 1(iv)); (3) set aside or declare void the September 9, 1992 mortgage agreement between the RTC and Hovnanian (Count 1(v)); and (4) declare Trinsey the legitimate owner of Rebel Hill and issue him a deed for the property (Count 1(vi)).

The RTC's powers as receiver of Nassau are governed by the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA). One of the provisions of FIRREA, 12 U.S.C. § 1821(j), states that:

Except as provided in this section, no court may take any action, except at the request of the board of directors by regulation or order, to restrain or exercise the powers or functions of the Corporation as a conservator or receiver.

A similar limitation is found in 12 U.S.C. § 1821(d)(13)(D), which bars any court from exercising jurisdiction over claims seeking a determination of rights with respect to "the assets of any depository institution for which the Corporation has been appointed receiver ... or (ii) any claim relating to any act or omission of such ... receiver."

It is clear that Rebel Hill was an asset of Nassau when the RTC became receiver, and that the RTC acted within its powers in auctioning the property and conveying it to Hovnanian. It is also the case that Trinsey is seeking a determination of rights with respect to an asset previously owned by an institution for which the RTC was appointed receiver, and then disposed of through an act of the RTC. Accordingly, the above-cited jurisdictional provisions of the Act appear to bar my consideration of Trinsey's claims for equitable relief.

I have addressed similar issues in a previous matter involving Rebel Hill. *RTC v. Clarke et al.*, 812 F.Supp. 48 (E.D.Pa.1992). In a portion of the *Clarke* case I addressed defendants' counterclaim for specific perfor-

mance of an alleged contract with pre-receivership Nassau for the sale of Rebel Hill. I ruled that "the request for equitable relief of that kind is an interference with RTC's statutory authority to handle its responsibilities as receiver and/or conservator. That, I think, is the clear instruction of § 1821(j) ..." *Id.* at 52.

Trinsey's complaint in the matter at bar requests the same kind of equitable relief that this court had no power to grant in *Clarke.* Trinsey has alleged no facts or legal grounds, either in his pleadings or in his Response to the RTC's motion, to bring the equitable relief he seeks within the court's jurisdiction. Accordingly, it is hereby ORDERED that the RTC's May 3, 1993 Motion for Partial Summary Judgment on Claims for Equitable Relief (docket #7) is GRANTED.