57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 GREAT SOUTHERN COMPANY; Great Entertainment Merchandise,
Incorporated, Plaintiffs-Appellees,
v.
Lance DAVIS; Too Much Fun, Incorporated d/b/a Mayhem,
Defendants-Appellants.
 No. 94-55693.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1995.*
Decided June 9, 1995.
 
 Before: PREGERSON, POOLE, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendants/Appellants Lance Davis and Too Much Fun, Inc. d/b/a Mayhem (hereinafter "Davis") appeal the district court's denial of their motion to set aside the default judgment entered against them in the action for copyright infringement filed by Plaintiff/Appellees The Great Southern Company and Great Entertainment Merchandise, Inc. ("Great Southern"). Davis claims that the default should be set aside on the grounds of surprise or excusable neglect, Fed.R.Civ.P. 60(b)(1), or, alternatively, misrepresentation, Fed.R.Civ.P. 60(b)(3). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 I.
 
 3
 We review a district court's decision on a Rule 60(b) motion for relief from a default judgment for an abuse of discretion. In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir.1993); In re Hammer, 940 F.2d 524, 525 (9th Cir.1991).
 
 
 4
 A court has discretion to deny a Rule 60(b) motion to vacate a default judgment if "(1) the plaintiff would be prejudiced if the default judgment is set aside, (2) the defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." In re Hammer, 940 F.2d at 525-26. Because this tripartite test is disjunctive, a finding that any single factor is present is sufficient to justify a court's denial of a Rule 60(b) motion. Id. at 526. Thus, a court may properly deny such a motion if the party received actual or constructive notice of the filing of the action and failed to answer the complaint. Id.
 
 
 5
 It is undisputed that Davis received actual notice of the filing of the action, and that he did not file an answer. In addition, Davis received actual notice of the filing of Great Southern's motion to enter default judgment, and failed to respond to it. Davis argued that his ignorance of the ramifications of his failure to respond to these pleadings excused that failure, an assertion that the district court found implausible. Davis also casts blame for his failure on his attorney's negligent conduct. However, as the district court properly pointed out, "[n]either ignorance nor carelessness on the part of the litigant or his attorney provides grounds for relief under Rule 60(b)(1)." Engelson v. Burlington Northern R.R. Co., 972 F.2d 1038, 1043-44 (9th Cir.1992) (citing numerous cases supporting this proposition). Accordingly, we hold that the district court did not abuse its discretion in denying Davis' motion to set aside the default judgment on the grounds of excusable neglect.
 
 II.
 
 6
 Because Davis did not ask the district court to set aside the default judgment on grounds of surprise or misrepresentation, we need not address these claims. United States v. Patrin, 575 F.2d 708, 712 (9th Cir.1978). Nevertheless, we agree with the district court that, to the extent that Davis relied upon Thomas Cyrana's alleged representations that he would drop the suit, an allegation disputed by Cyrana's declaration, that reliance was not reasonable after Great Southern's October 14, 1993 notification to Davis that plaintiffs would file a motion for entry of default if there were no settlement or timely answer. Thus, even if these claims were not waived below, Davis has failed to demonstrate that he is entitled to relief on the grounds of surprise or misrepresentation.[1]
 
 III.
 
 7
 Great Southern has requested attorneys fees and costs on appeal pursuant to California Civil Code section 3344, and the Lanham Act, 15 U.S.C. Sec. 1177. Davis does not appeal the district court award of attorneys fees to Great Southern as authorized under the California code. Because the district court's default judgment found that Davis and Too Much Fun, Inc. were jointly and severally liable for having violated only the California Civil Code, we do not address Great Southern's claim for attorneys fees and costs under the Lanham Act.
 
 
 8
 Great Southern has also asked this court to impose sanctions on Davis for prosecuting a frivolous appeal. This court has the discretion to impose sanctions in the form of just damages, attorneys fees, and double costs against an appellant who has brought a frivolous appeal. 28 U.S.C. Sec. 1912; Fed.R.App.P. 38. An appeal is frivolous when the result is obvious or the arguments advanced are wholly without merit. Hammer, 940 F.2d at 526; Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1417 (9th Cir.1990), cert. denied, 498 U.S. 1109 (1991). Because Davis' arguments on appeal are wholly without merit, Great Southern is entitled to reasonable attorney fees and double costs. Adriana Int'l Corp., 913 F.2d at 1417; Harrah's Club v. Van Blitter, 902 F.2d 774, 777 (9th Cir.1990). Davis and his counsel are jointly and severally liable. First Investors Corp. v. American Capital Fin. Serv. Inc., 823 F.2d 307, 310 (9th Cir.1987). Great Southern shall file with the clerk of this court within fourteen days affidavits and other records showing fees earned in this appeal. Davis shall have seven days to respond. An appropriate award shall be made by separate order.
 
 
 9
 In addition to these sanctions imposed jointly and severally on Davis and his counsel, "[t]he manner in which this appeal was pursued by [Davis'] attorney, [Gilbert Azafrani], raises additional concerns." Hamblen v. County of Los Angeles, 803 F.2d 462, 464 (9th Cir.1986). Azafrani's opening brief fails to cite a single authority from this circuit, relying instead upon two out-of-circuit district court cases that are a quarter of a century old. Nor did Azafrani include a table of cases, a statement of subject matter jurisdiction in the district court, a statement of appellate jurisdiction, a summary argument, or a statement of this court's standard of review. See Fed.R.App.P. 28(a)(1), (a)(2), (a)(5); 9th Cir.R. 28-2.2, 28-2.5. Azafrani's opening brief also failed to comply with this circuit's Rule 28-2.8 requiring that "[e]very assertion in briefs regarding matters in the record shall be supported by a reference to the page or document number of the original record where the matter relied on is to be found." See also Fed.R.App.P. 28(e); Nilson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1548 (9th Cir.1988). In addition, Azafrani cited to matters outside of the Record on Appeal, see Reply brief at 3, submitted materials that were not presented to the court below, see Appendices to Opening and Reply briefs, and misrepresented the facts in the record, see supra footnote 1. Accordingly, an additional sanction of $500.00 is imposed upon Azafrani, and not to be charged to Davis. Kalombo v. Hughes Market Inc., 886 F.2d 258, 260 (9th Cir.1989); Hamblen, 803 F.2d at 465. Azafrani shall pay this sum to the clerk of this court within thirty days of the issuance of the mandate by this court. Any failure to abide by this order may result in further sanctions. Nilson, Robbins, Dalgarn, Berliner, Carson & Wurst, 854 F.2d at 1548.
 
 IV.
 
 10
 The district court's order denying Davis' motion for relief from the default judgment is hereby AFFIRMED. Because this appeal is frivolous, Great Western is entitled to reasonable attorneys fees and double costs. It is further ORDERED that Mr. Azafrani shall pay the sanction imposed above to the clerk of this court within thirty days of the issuance of the madate by this court.
 
 
 
 *
 The panel unanimously find this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In his reply brief, Davis' counsel suggests for the first time (1) that Great Southern's motion for default judgment was filed on May 30, 1993, remarkably two months before the complaint was filed, and (2) that the case against Davis was dismissed by the court on December 1, 1993. Neither of these assertions has any basis whatsoever in the record. Great Southern's November 29, 1993 motion for entry of default was filed by the court on November 30, 1993. See also ER1 (CR7). On December 1, 1993, consistent with Great Southern's motion, see ER8 at 2, the district court dismissed the action only "as to defendants various John Does, Jane Does & ABC Companies." ER13. Thus, the only person who appears to be confused by these crystal-clear documents is Davis' counsel. Such confusion suggests professional incompetence, which cannot serve as the basis for justifiable "surprise."