In the Matter of GULPH WOODS
CORP., Debtor.

Civ. A. No. 95–4900.

United States District Court,
E.D. Pennsylvania.

Nov. 3, 1995.

Edward J. Di Donato, Ciardi, Fishbone & Di Donato, Philadelphia, PA, and George B. Ditter, Jenkins, Tarquini & Jenkins, Ambler, PA, for John S. Trinsey, Jr. and Gulph Woods Corp.

Leonard P. Goldberger, Wolf, Block, Schorr and Soliscohen, Philadelphia, PA, for Nassau Sav. and Loan Ass'n.

John S. Trinsey, Jr., pro se.

Edward J. Di Donato, Ciardi, Fishbone & Di Donato, Philadelphia, PA, for Mitchell W. Miller.

Stephen Raslavich, Philadelphia, PA, for Maurice W. Baehr.

Lawrence T. Phelan, Federman and Phelan, Philadelphia, PA, for David Mermelstein.

Peter C. Cilio, Rubin, Quinn, Moss, Heaney & Patterson, Philadelphia, PA, for Safeco Title Ins. Co. of Maryland.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

The present case is an appeal from an order of the Bankruptcy Court reopening the Chapter 7 bankruptcy proceedings of the Gulph Woods Corporation and scheduling a supplemental final audit hearing. Before the court are (a) a motion by the appellant, John S. Trinsey, Jr. ("Trinsey") seeking my recusal from this case, and (b) a motion by the appellee, the Chapter 7 Trustee, to dismiss the appeal.

### I

■ Mr. Trinsey's motion, which is incorporated in a document entitled an "affidavit of prejudice," asserts that my rulings in other litigation before me related to the Rebel Hill Townhouse Development ("Rebel Hill") demonstrate that I am prejudiced against him, and that I therefore should recuse myself from this case. The affidavit alleges that I am "dishonest," and that my rulings have, *inter alia*, "ignored Trinsey's rights," "wrongfully directed the subject profit to the Havnanian Interest, one of the largest builders in the country," and disregarded Mr. Trinsey's rights under a Stipulation and Order entered by Judge Shapiro in June, 1986. The affidavit also suggests that "perhaps the Federal Judiciary has overthrown our Government," citing this and other courts' unwillingness to sustain Trinsey's due process challenges to the conduct of the Resolution Trust Corporation as evidence for that proposition.

Mr. Trinsey's affidavit does not assert a specific statutory basis for his motion, but it appears to be made under 28 U.S.C. § 144, which provides for recusal upon motion by a

party.[1] Section 144 requires that the moving party submit a "sufficient" affidavit setting forth the facts underlying the party's claim of prejudice. Before recusing himself in response to a motion under section 144, a judge should first review the moving party's affidavit in order to determine whether it is "sufficient" to require recusal. In particular, the asserted prejudice should not amount to a mere "disagreement with the legal conclusions reached by the district judge." *See Jones v. Pittsburgh National Corporation*, 899 F.2d 1350, 1356 (3rd Cir.1990). Mr. Trinsey has asserted only that I have not accepted his legal arguments in the past, and has alleged no facts that would suggest that I have done so for any reason other than their lack of legal merit. Accordingly, I find that his affidavit is not "sufficient" for purposes of this provision.[2]

 Under 28 U.S.C. § 455(a), a judge is to recuse himself on his own motion "in any proceeding in which his impartiality might reasonably be questioned." Mr. Trinsey has been involved in a number of proceedings before me, all relating in one way or another to Rebel Hill. *See, e.g., Trinsey v. K. Hovnanian at Upper Merion, Inc.*, 841 F.Supp. 694 (E.D.Pa.1994); *Nassau Savings & Loan Association v. Gulph Woods Corp.*, No. 86–2671, 1990 WL 79404 (E.D.Pa. June 8, 1990). Rather than resting entirely upon the allegations in Mr. Trinsey's affidavit, I have briefly reviewed the records of these proceedings in order to determine whether a recusal under

section 455(a) is necessary; my review indicates that it is not.

## II

 Having found that I need not recuse myself in this case, I now turn to the motion of the Trustee to dismiss Mr. Trinsey's appeal. The order which Mr. Trinsey appeals had five paragraphs. The first, which is not appealed, reopened the bankruptcy case. The remaining paragraphs set a date for the filing of papers for a supplemental final audit hearing, set a date for that hearing, and ordered that the Trustee submit a supplemental order for distribution, as well as certain related documents.

Mr. Trinsey's brief supporting his appeal does not specifically discuss this order. Instead, it asserts that Mr. Trinsey has been denied his rights under Judge Shapiro's aforementioned 1986 Stipulation and Order. Because the actions of the bankruptcy court and of this court have ignored those rights, Mr. Trinsey asserts, they are void. Mr. Trinsey's answer to the Trustee's motion further asserts that a conspiracy between the trustees, their counsel, and the various judges involved in this case has sought to defraud Trinsey of his interest in Rebel Hill.

The Trustee's motion cites Rule 8010(a) of the Rules of Bankruptcy Procedure as grounds for his motion to dismiss. That rule requires that a brief on appeal include, *inter alia*, a table of contents, a statement of the basis of appellate jurisdiction, a statement of the case, and an argument.[3] The Trustee

---

1. This section provides:

 Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

 The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

2. Mr. Trinsey also moved to stay briefing pending the resolution of his recusal motion. As the case has been fully briefed, this motion is now moot.

3. That rule provides:

 The brief of the appellant shall contain under appropriate headings and in the order here indicated:
 (A) A table of contents, with page references, and a table of cases alphabetically arranged, statutes and other authorities cited, with references to the pages of the brief where they are cited.
 (B) A statement of the basis of appellate jurisdiction.
 (C) A statement of the issues presented and the applicable standard of appellate review.
 (D) A statement of the case....

asserts that, rather than including these materials, "the Appellant's brief consists of a rambling statement with regard to past events concerning the Gulph Woods bankruptcy and the personal bankruptcy case of the Appellant." Trustee's Motion to Dismiss, ¶ 9. The Trustee notes that, under Bankruptcy Rule 8001(a), a district court may dismiss an appeal for failure to comply with the rules governing bankruptcy appeals. He also observes that other courts have dismissed appeals on the similar ground that the appellant failed to comply with deadlines for submitting materials relating to their appeal. *See, e.g., In re Serra Builders Inc.,* 970 F.2d 1309, 1311 (4th Cir.1992).

 Pleadings filed *pro se* are construed liberally, and this court would not ordinarily be inclined to dismiss Mr. Trinsey's appeal on what would appear to be the technical ground that it fails to conform to the rules for presenting briefs on appeal. However, Bankruptcy Rule 8010 is not only a technical or aesthetic provision, but also has a substantive function—that of providing the other parties and the court with some indication of which flaws in the appealed order or decision motivate the appeal.[4] Mr. Trinsey's brief asserts that a number of injustices have occurred in the course of his litigation before various courts, but does not specifically relate them to the order that he appeals. Nor can this court discern any relationship between the wrongs Mr. Trinsey describes and the appealed order. Accordingly, the Trustee's motion to dismiss this appeal will be granted.

---

(E) An argument. . . .
(F) A short conclusion stating the precise relief sought.
Bankruptcy Rule 8010(a)(1).

**4.** This court has not found any cases in which an appeal was dismissed for failure to comply with Bankruptcy Rule 8010. However, the Advisory Committee Note to Rule 8010 states: "This rule is derived from subdivisions (a), (b), (c), and (f) of Rule 28 F.R.App.P." Advisory Committee Note,

as reproduced in 11 U.S.C.A., Bankruptcy Rule 8010. The courts of appeals have at times dismissed cases for failing to comply with Federal Rule of Appellate Procedure 28. *See, e.g. Slack v. St. Louis County Government,* 919 F.2d 98, 99 (8th Cir.1990) (noting that a court cannot decide a case in the absence of some indication of what are the "substantive legal claims" raised by an appellant).