ZILLY, District Judge:
 

 Debtor Brian D. Hammer appeals
 
 pro se
 
 from the decision of the Bankruptcy Appellate Panel affirming the bankruptcy court's denial of his motion to set aside a default judgment.
 
 In re Hammer,
 
 112 B.R. 341 (9th Cir. BAP 1990). We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 

 BACKGROUND
 

 Beginning in 1985, appellees Michael Drago and Ed Summers invested approximately $285,000 in several business enterprises under Hammer’s control. That sum was secured by what Hammer concedes were forged deeds of trust. In September 1986, Hammer filed for Chapter 7 bankruptcy. On October 23, 1986, he executed a deed of trust on his personal residence naming appellees as the beneficiaries in the amount of $400,000. Hammer was indicted for mail fraud that same month; he surrendered for incarceration on February 6, 1987.
 

 On January 5, 1987, appellees filed an adversary complaint requesting that Hammer’s debt be declared nondischargeable on grounds of fraud,
 
 see
 
 11 U.S.C. § 523(a)(2)(A), and that judgment be entered against him. On January 9, 1987, they served Hammer with a summons and complaint by first class mail, at the residence address provided on his bankruptcy petition. This service of process was made in accordance with Bankruptcy Rule 7004(b)(9). Appellees also sent copies of these documents to Hammer’s former attorney. In late January 1987, the summons and complaint addressed to Hammer were returned undelivered. Appellees’ subsequent efforts to locate Hammer through his former attorney and the clerk of the bankruptcy court were unsuccessful.
 

 Hammer failed to answer the adversary complaint and on March 7, 1987, a default judgment was entered against him in the amount of $310,866.86. Appellees levied writs of execution against Hammer’s property in December 1987 (securities brokerage account) and January 1989 (car). Hammer filed a claim of exemption for his vehicle and later moved the bankruptcy court to set aside the default judgment pursuant to Fed.R.Civ.P. 60(b)(6).
 
 [1]
 
 The bankruptcy court denied the Rule 60(b) motion. That denial was affirmed on appeal to the Bankruptcy Appellate Panel.
 

 DISCUSSION
 

 A.
 
 Motion for Relief from Judgment
 

 This court reviews a trial court’s grant or denial of a Rule 60(b) motion for an abuse of discretion.
 
 See, e.g., Cassidy v. Tenorio,
 
 856 F.2d 1412, 1415 (9th Cir.1988). The discretion vested in the trial court is limited by three policy considerations. First, since Rule 60(b) is remedial in nature, it must be liberally applied.
 
 Gregorian v. Izvestia,
 
 871 F.2d 1515, 1523 (9th Cir.),
 
 cert. denied,
 
 — U.S. -, 110 S.Ct. 237, 107 L.Ed.2d 188 (1989). Second, default judgments are generally disfavored, and “ ‘[wjhenever it is reasonably possible, cases should be decided upon their merits.’ ”
 
 Id.
 
 (quoting
 
 Pena v. Seguros La Comercial, S.A.,
 
 770 F.2d 811, 814 (9th Cir.1985)). Third, where a defendant seeks timely relief from the judgment and has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment.
 
 Id.
 

 In this circuit, a trial court has discretion to deny a Rule 60(b) motion to vacate a default judgment if (1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious de
 
 *526
 
 fense, or (3) the defendant’s culpable conduct led to the default.
 
 Id.; Meadows v. Dominican Republic,
 
 817 F.2d 517, 521 (9th Cir.),
 
 cert. denied,
 
 484 U.S. 976, 108 S.Ct. 486, 98 L.Ed.2d 485 (1987). This tripartite test is disjunctive.
 
 Cassidy,
 
 856 F.2d at 1415. Hence, the trial court’s denial of a motion to vacate a default judgment will be affirmed if the defendant’s own culpable conduct prompted the default.
 
 Meadows,
 
 817 F.2d at 521;
 
 Pena v. Seguros La Comercial, S.A.,
 
 770 F.2d 811, 815 (9th Cir.1985).
 

 1. Culpable Conduct
 

 A party’s conduct is culpable if he has received actual or
 
 constructive
 
 notice of the filing of the action and failed to answer the complaint.
 
 Gregorian,
 
 871 F.2d at 1523;
 
 Pena,
 
 770 F.2d at 815. Hammer contends that he first learned of the complaint approximately two years after it was filed.
 
 [2]
 
 The bankruptcy court concluded that appellees effected service when they sent, by first class mail, a summons and complaint to Hammer at the address listed on his bankruptcy petition. Service in this fashion is expressly authorized by Bankruptcy Rule 7004(b)(9).
 
 [3]
 
 Hammer initiated these proceedings by filing his petition, and it was his responsibility to apprise the bankruptcy court of his forwarding address.
 
 See Pena,
 
 770 F.2d at 815 (affirming default judgment where defendant foreign corporation failed to provide correct address to state licensing authority);
 
 see also In re Muzquiz,
 
 122 B.R. 56, 59 (Bkrtcy.S.D.Tex.1990) (holding service not defective where debtor had failed to notify court of his new address). Hammer was properly served under the Bankruptcy Rules, and his culpable conduct led to the default judgment.
 

 2. Other Grounds
 

 Although not necessary to the disposition of this appeal, we note here that the bankruptcy court did not abuse its discretion with respect to the other bases for denying relief from the default judgment. The bankruptcy court ruled that Hammer’s request for relief was not timely filed under Rule 60(b). The Bankruptcy Appellate Panel reached the same conclusion and we also affirm on this basis. A motion under Rule 60(b)(6) must be brought “within a reasonable time.” The bankruptcy court’s conclusion that Hammer’s unexcused two-year delay in objecting to the default judgment was not an abuse of discretion.
 

 Finally, the bankruptcy court determined that Hammer lacked a meritorious defense. This determination was not an abuse of discretion. Hammer’s unsworn contention that the debt owed to appellees had been the subject of a novation is a mere legal conclusion that cannot support disturbing the underlying judgment.
 
 Cassidy,
 
 856 F.2d at 1415;
 
 In re Stone,
 
 588 F.2d 1316, 1319 (10th Cir.1978).
 

 B.
 
 Attorney’s Fees and Costs
 

 Appellees allege that Hammer has taken a frivolous appeal and they request that we award them attorney’s fees and costs pursuant to Fed.R.App.P. 38. The Bankruptcy Appellate Panel previously awarded attorney’s fees and costs. Hammer did not contest that decision on appeal. An appeal is frivolous when the result is obvious, or the arguments advanced are wholly without merit.
 
 Hewitt v. Stanton,
 
 
 *527
 
 798 F.2d 1230, 1233 (9th Cir.1986). We agree and appellees will be awarded their attorney’s fees and costs upon application to the clerk.
 

 CONCLUSION
 

 The bankruptcy court did not abuse its discretion in holding that Hammer’s culpable conduct prompted the default judgment, that his motion to set aside that judgment was untimely, and that Hammer did not have a meritorious defense to the action.
 

 AFFIRMED.
 

 [1]
 

 . Hammer styled his motion as an "Application to Set Aside Right to Attach Order And Release Attached Property, Etc.” Appellees treated the motion as requesting relief pursuant to Fed.R. Civ.P. 60(b)(6). Hammer does not dispute that characterization here.
 

 [2]
 

 . The record does not support this claimed lack of notice. Indeed, Hammer knew or should have known of the default judgment less than ten months after its entry when appellees levied a writ of execution on his securities brokerage account.
 

 [3]
 

 . Bankruptcy Rule 7004(b) provides in pertinent part:
 

 In addition to the methods of service authorized by Fed.R.Civ.P. Rule 4(c)(2)(C)(i) and (d), service may be made within the United States by first class mail postage prepaid as follows:
 

 [[Image here]]
 

 (9) Upon the debtor, after a petition has been filed by ... the debtor and until the case is dismissed or closed, by mailing copies of the summons and complaint to the debtor at the address shown in the petition ... or to such other address as the debtor may designate in writing filed with the court and, if the debtor is represented by an attorney, to the attorney at the attorney’s post-office address.