959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Brian D. HAMMER, Debtor.
Brian D. HAMMER, Appellant,
v.
John MYERS, Appellee.
 No. 91-15532.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided April 1, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brian D. Hammer appeals pro se the Bankruptcy Appellate Panel's ("BAP") order affirming the bankruptcy court's denial of his Fed.R.Civ.P. 60(b) motion to vacate the bankruptcy court's default judgment against him. The bankruptcy court entered default judgment against Hammer when he failed to appear at a status conference in John Myers's adversary proceeding against him. Hammer contends that the default judgment against him violates due process and therefore should be vacated. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and affirm.
 
 
 3
 Myers originally filed an action against Hammer in state court claiming fraud regarding a real estate investment. When Hammer filed for bankruptcy, the parties agreed to remove the action to bankruptcy court as an adversary proceeding. A status conference was scheduled, and Myers served Hammer's attorney of record with notice of the status conference. Hammer and his counsel failed to appear at the status conference, and the bankruptcy court, on its own motion, entered default judgment against Hammer. Two years later, Hammer filed a motion pursuant to Rule 60(b) to obtain relief from the default judgment.
 
 
 4
 We review the denial of a motion to reconsider for abuse of discretion. Hammer v. Drago (In re Hammer), 940 F.2d 524, 525 (9th Cir.1991). An appeal from a denial of Rule 60(b) motion does not bring up the merits of the underlying judgment for review. Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). A trial court has discretion to deny a Rule 60(b) motion to vacate a default judgment if (1) the plaintiff would be prejudiced if the judgment is set aside, (2) the defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default. In re Hammer, 940 F.2d at 525-56.
 
 
 5
 Hammer contends that he never received actual or constructive notice of the status conference, and that entry of default without notice constitutes a deprivation of due process. Myers served notice of the status conference on Hammer's attorney of record. Bankruptcy Rule 7005 incorporates Fed.R.Civ.P. 5, which provides that pleadings subsequent to the complaint shall be served on the attorney of record for a party.[1] Thus, Myers correctly served Hammer's attorney. See Bankr.R. 7005; Fed.R.Civ.P. 5.
 
 
 6
 Hammer contends that his attorney had withdrawn prior to the status conference and therefore he should have been served, not his attorney. Hammer never filed a notice of withdrawal of attorney with the bankruptcy court. Further, Hammer did not notify the court of his own change of address. It was Hammer's responsibility to notify the court and Myers of the withdrawal of counsel and of his current address. See In re Hammer, 940 F.2d at 526. Accordingly, the bankruptcy court correctly determined that Hammer's culpable conduct led to the default. See id.
 
 
 7
 The bankruptcy court also found that Hammer's Rule 60(b) motion was untimely. Hammer contends that the motion was properly brought under Rule 60(b)(4) or 60(b)(6). See Fed.R.Civ.P. 60(b)(4), (6). A motion under either of these subdivisions must be made within a reasonable time. See id.; In re Hammer, 940 F.2d at 526. Hammer admits that he had notice of the default judgment against him one year prior to his filing of the Rule 60(b) motion. He offers no reason for the delay in filing the motion. Accordingly, the bankruptcy court correctly found that the Rule 60(b) motion was untimely. See In re Hammer, 940 F.2d at 526.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hammer relies on Bankruptcy Rule 7004(b)(9), which requires service on both the attorney and the party. Bankruptcy Rule 7004(b)(9), however, applies only to service of the summons and complaint. Here, Hammer already had filed an answer in the action. Thus, Bankruptcy Rule 7005, not Bankruptcy Rule 7004(b)(9), governed service of pleadings subsequent to the complaint