995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Joy HILL, Debtor.
Maynard V. HILL; Brande Tanner, Appellants,
v.
Dennis Lee BURMAN, Trustee-Appellee.
 No. 91-35729.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brande Tanner and Maynard Hill appeal pro se the district court's summary judgment in favor of Chapter 7 trustee Dennis Burman in Burman's action seeking a declaration that certain real property of Hill's belongs to the Chapter 7 estate and is not part of a living trust formed by Chapter 7 debtors Joy and Maynard Hill. The district court entered a default judgment against Tanner and entered judgment against Hill on the ground that the trust was invalid because it did not have a beneficiary and therefore that the property was part of the Chapter 7 estate.[1] We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 Hill and Tanner contend that the district court erred by affirming the bankruptcy court's default judgment against Tanner and declaring Hill's trust void because there is no evidence in the record that Tanner, the trustee of Hill's estate, was properly served in accordance with Bankruptcy Rule 7004. This contention lacks merit.
 
 
 4
 We review for an abuse of discretion the district court's denial of Hill and Tanner's motion to set aside a default judgment. See Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir.1988).
 
 
 5
 A district court may deny a motion to vacate a default judgment if "(1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." Hammer v. Drago (In Re Hammer), 940 F.2d 524, 525-26 (9th Cir.1991). If a party receives actual or constructive notice of the filing of the action but fails to answer the complaint when process is properly served, then that party's conduct is culpable. Id. at 526. Service by first class mail to the address given by the debtor after the initiation of a bankruptcy proceeding is proper under Bankruptcy Rule 7004. See id. at 526.
 
 
 6
 Here, Burman brought an action against Hill to declare Hill's trust null and void. Hill supplied Burman with the name and address of Tanner, the trustee of Hill's estate. Burman effected service by mailing a copy of the complaint and summons to the address that Hill gave for Tanner. See id. The certified envelope which contained a copy of the complaint and summons was returned refused.
 
 
 7
 The record indicates that Tanner was properly served under the bankruptcy rules and that his culpable conduct of receiving constructive notice of filing of the action and not answering the complaint led to the default judgment. See id. Accordingly, the district court did not err by denying Tanner's motion to vacate the default judgment. See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court affirmed the bankruptcy court's summary judgment against Hill, on appeal Hill does not contest the merits of the district court's judgment. Rather, Hill contends that the district court lacked subject matter jurisdiction because Tanner, the trustee of Hill's estate, was not properly served. Accordingly, because Hill failed to challenge the merits of the district court's summary judgment against him in his brief on appeal, we deem the issue waived and decline to address it. See In re Riverside-Linden INV. Co., 945 F.2d 320, 324 (9th Cir.1991)