46 F.3d 1144
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PRUDENTIAL INSURANCE, Plaintiff,
v.
Gary Lynn LOSSON; Betty Jane Losson; Defendants-Appellants,
v.
Gwendolyn Klein Losson, Defendant-Appellee,
and
Bari Lynne Losson, Defendant.
 No. 93-36131.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 10, 1995*
Decided: Jan. 13, 1995.
 
 1
 Before: ALARCON and BRUNETTI, Circuit Judges, and KELLEHER,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Prudential Insurance filed this interpleader action for a determination regarding which of several claimants is entitled to the life insurance proceeds of Richard Losson. Gwendolyn Klein Losson filed a motion for summary judgment. When Gary and Betty Losson failed to respond within the time allotted by Local Rules, the district court granted summary judgment to Gwendolyn Klein Losson. We affirm because we conclude that the district court did not abuse its discretion in denying Gary and Betty Losson's motion to set aside the judgment because they failed to demonstrate that they have a meritorious defense.
 
 
 4
 Gary and Betty Losson contend the district court erred in denying their motion to set aside the judgment because they presented a meritorious defense to what essentially amounted to a default judgment. We review the district court's denial of a Rule 60(b) motion for abuse of discretion. In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991). The district court has the discretion to deny a Rule 60(b) motion to vacate if "(1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." Id. at 525-26. "This tripartite test is disjunctive," and thus a finding that any of these factors is present is sufficient to justify the district court's denial of the Rule 60(b) motion. Id. at 526.
 
 
 5
 Gary and Betty Losson contend that the life insurance policy in which Richard Losson designated Gwendolyn Klein Losson as sole beneficiary terminated 120 days after he was released from active duty and transferred to the Naval Reserve. Gary and Betty Losson argue "[t]hat termination voided all designations of beneficiaries," and "[w]hen Richard signed up for the active reserves his coverage was reinstated, no beneficiaries were designated, and therefore, at the time of his death, [we] were entitled to the proceeds of his policy." Before the district court and in their opening brief in this appeal, Gary and Betty Losson cite 38 U.S.C. Sec. 1968(a)(1)(A) as support for this contention.[1]
 
 
 6
 This argument lacks merit. Section 1968 provides that insurance coverage for "any member of the uniformed services ... shall continue in effect while the member is on active duty, active duty for training, or inactive duty training ..., or while the member meets the qualifications set forth in section 1965(5)(B) ... of this title." 38 U.S.C. Sec. 1968(a). Section 1965(5)(B) defines "member" to include "a person who volunteers for assignment to the Ready Reserve of a uniformed service." 38 U.S.C. Sec. 1965(5)(B).
 
 
 7
 The undisputed facts reveal that Richard Losson served in the Navy in one of the above-mentioned capacities at all times relevant to this action. From May 8, 1989, the date upon which Richard Losson designated Gwendolyn Klein Losson as the sole beneficiary of the life insurance proceeds, to September 30, 1989 Richard Losson served on active duty. From September 30, 1989 to November 11, 1990 Richard Losson served in the Naval Reserve. From November 11, 1990 to December 26, 1990 Richard Losson served on inactive duty training in drill pay status. Finally, from December 26, 1990 until March 13, 1991, the date of his death, Richard Losson served on inactive duty training for non-pay status with the Naval Reserve.
 
 
 8
 Because Richard Losson continually served in the Navy in one of the capacities listed in 38 U.S.C. Sec. 1968(a), his life insurance policy never terminated. Moreover, the undisputed facts show that Richard Losson never changed his designation of Gwendolyn Klein Losson as his sole beneficiary. Finally, the designation of Gwendolyn Klein Losson as beneficiary was not canceled automatically by operation of 38 C.F.R. Sec. 916(b) because Richard Losson was never released from all naval duty and did not enter duty in another uniformed service.[2] Gary and Betty Losson have failed to present any plausible argument that they are entitled to Richard Losson's life insurance proceeds. The district court did not abuse its discretion by finding Gary and Betty Losson lacked a meritorious defense.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable Robert J. Kelleher, Senior United States District Judge, for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In their reply brief, Gary and Betty Losson argue that certain provisions of Richard Losson's life insurance policy favor their position. We decline to address this contention, however, because we generally do not review issues raised for the first time in a reply brief. Eberle v. City of Anaheim, 901 F.2d 814, 817-18 (9th Cir. 1990)
 
 
 [2]
 38 C.F.R. Sec. 916(b) provides:
 Any designation of beneficiary ... under Servicemen's Group Life Insurance for full time coverage or part-time coverage will remain in effect, until properly changed by the member or automatically canceled, under the following rules:
 (1) If the insurance terminates following separation or release from all duty in a uniformed service.
 (2) If the member enters duty in another uniformed service.
 (3) If the member reenters on duty in the same uniformed service more than 1 calendar day after separation or release from all duty in that uniformed service.