51 F.3d 280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Elizabeth Noble LEE, Debtor,
Elizabeth Noble LEE, aka Elizabeth L. Shevchek, Plaintiff-Appellee,
v.
Franklin K. LANE, III; Providencia Limited; and
Amalgamated Steel and Foundry Corporation,
Defendants-Appellants.
 No. 93-56227.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 5, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Attorney Franklin K. Lane III appeals pro se the district court's affirmance of the bankruptcy court's denial of his Fed.R.Civ.P. 60(b) motion for relief from the bankruptcy court's default judgment entered in favor of debtor Elizabeth Noble Lee. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d), and we affirm.[1]
 
 
 3
 Lane contends that the default judgment against him should be set aside pursuant to Fed.R.Civ.P. 60(b)(1) because severe depression prevented him from properly defending his case.
 
 
 4
 We review for abuse of discretion the district court's grant of a motion to set aside a default judgment pursuant to Fed.R.Civ.P. 60(b). Hammer v. Dragon (In re Hammer), 940 F.2d 524, 525 (9th Cir.1991). Under Rule 60(b)(1), a district court may set aside a judgment because of mistake, inadvertence, surprise, or excusable neglect.
 
 
 5
 A court has the discretion to deny a Rule 60(b) motion to vacate a default judgment if "(1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." Id. at 525-26. "This tripartite test is disjunctive," and thus a finding that any of these factors is present is sufficient to justify a court's denial of the Rule 60(b) motion. Id. at 526. The court may deny a motion to vacate a default judgment if the party received actual or constructive notice of the filing of the action and failed to answer the complaint. Id.
 
 
 6
 Here, the bankruptcy court entered a default judgment against Lane in December 1992, on the basis that Lane had failed to answer Lee's amended complaint. More than eight months later, Lane filed a Rule 60(b) motion to vacate the default judgment, which the bankruptcy court denied without explanation. On appeal, the district court affirmed the bankruptcy court's denial of Lane's Rule 60(b) motion, concluding that: (1) Lane's failure to respond to Lee's complaint was not justified by his depression; (2) Lane had failed to show the existence of a meritorious defense in support of his Rule 60(b) motion; and (3) Lee would be prejudiced by the setting aside of the default judgment.
 
 
 7
 We agree with the district court that Rule 60(b) relief was not warranted in this case because Lane failed to show that he had a meritorious defense to Lee's action, and because Lee would be prejudiced if the default judgment was set aside. See In re Hammer, 940 F.2d at 525.
 
 
 8
 In her bankruptcy proceeding, Lee alleged that Lane, acting as Lee's attorney in a prior bankruptcy proceeding, lent her $18,000 so that she could avoid foreclosure on her home.[2] According to Lee's complaint, she risked foreclosure due to Lane's failure to file a homestead exemption on her behalf. As collateral for the loan, Lane had Lee execute a deed of trust on the property in favor of Providencia Limited, a corporation closely held by Lane. Neither the loan, nor the deed of trust were authorized by the bankruptcy court in the prior bankruptcy action. Lee sought to have the deed of trust on her property invalidated on the basis that it was fraudulent and executed under duress.
 
 
 9
 Lane failed to present a meritorious defense to Lee's complaint in support of his Rule 60(b) motion. Lane made only conclusory denials to some of Lee's factual claims in his declaration attached to his Rule 60(b) motion, and in his response to Lee's opposition to the Rule 60(b) motion. Lane made no persuasive argument, however, that any of his alleged defenses were meritorious.
 
 
 10
 Moreover, we agree with the district court that Lee had sufficiently demonstrated that she would be prejudiced if Lane's Rule 60(b) motion, filed more than eight months after entry of judgment, was granted. Since the default judgment, Lee had (1) filed an amended disclosure statement and a reorganization plan to the bankruptcy court that provided for payment of the arrearages on her house, (2) entered into negotiations with her ex-husband to resolve ownership of the house, and (3) made preparations to refinance the house in reliance on the bankruptcy court's order reconveying the house to her.
 
 
 11
 Accordingly, because Lane failed to present a meritorious defense in support of his Rule 60(b) motion, and because setting aside the default judgment would prejudice Lee, the bankruptcy court did not abuse its discretion by denying Lane's Rule 60(b) motion. See In re Hammer, 940 F.2d at 525.[3]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Lee named a number of defendants in her complaint, Lane is the only party active in this action
 
 
 [2]
 At that time, the property was owned by Lee and her former husband
 
 
 [3]
 We agree with the district court that Lane failed to show that "exceptional circumstances" justified a grant of relief under Fed.R.Civ.P. 60(b)(6). Relief under Rule 60(b)(6) is extraordinary and should not be granted simply because a party failed to establish that relief was warranted under Rule 60(b)(1). See United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.) (rule 60(b)(6) is not a substitute for 60(b)(1)), cert. denied, 114 S.Ct. 60 (1993)