70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellee,
v.
OSBORNE, STERN & COMPANY, Defendant,
and
Douglas Wayne OSBORNE, Defendant-Appellant.
 No. 94-55997.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 19, 1995.*
Decided Nov. 22, 1995.
 
 1
 Before: HUG and LEAVY, Circuit Judges, and JONES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Douglas W. Osborne ("Osborne") appeals from the district court's order denying his motion for relief from a default judgment pursuant to Fed.R.Civ.P. 60(b). We affirm.
 
 
 4
 Osborne's main contention is that the district court's entry of default judgment was too harsh a sanction and its decision not to set aside that default judgment was unreasonable. Osborne filed his notice of appeal on June 24, 1995. Because the district court's entry of default and default judgment both antedated Osborne's notice of appeal by more than 60 days, Osborne's appeal can only challenge the district court's May 4, 1994 order denying Osborne's Rule 60(b) motion for relief from default judgment.[1] See Fed.R.App.P. 4(a).
 
 
 5
 Osborne cites to general policy limitations on a district court's discretion in deciding whether to set aside a default judgment. See Hammer v. Drago (In re Hammer), 940 F.2d 524, 525 (9th Cir.1991). However, no abuse of discretion will be found if the default judgment is granted for any one of the following reasons: "(1) the plaintiff would be prejudiced if the judgment is set aside, (2) defendant has no meritorious defense, or (3) the defendant's culpable conduct led to the default." Id. at 525-26.
 
 
 6
 We find no error in the district court's findings on the specific grounds upon which it is permitted to deny a Rule 60(b) motion for relief from judgment.
 
 
 7
 There is no dispute that Osborne initially failed to abide by Local Rule 6.1 requiring an early meeting of counsel. This rule is applicable, by the terms of Local Rule 1.2, to both pro se and represented litigants. After his initial failure, the district court ordered Osborne, either pro se or by counsel if represented, to comply with Rule 6.1. The court unambiguously said that the failure to abide by its order would result in default judgment.
 
 
 8
 In its order denying relief from default judgment, the district court made specific findings regarding Osborne's attempt to excuse his failure to comply with the court order. The court found meritless Osborne's claim of "excusable neglect," based on Osborne's asserted belief that attorney Hoffman was to handle the meeting. The court noted that its order specifically required any attorney representing Osborne to substitute within 10 days. Given Hoffman's failure to substitute within the 10 days allowed, the court concluded that Osborne had no reasonable basis for believing that Hoffman was going to handle the early meeting.
 
 
 9
 The district court also rejected Osborne's argument that his December 9th attempt to contact the Securities and Exchange Commission ("SEC") and arrange for a meeting rendered default judgment too harsh a sanction. The court found that Osborne's last minute attempt to contact the SEC and arrange for a meeting attaching such particular conditions did not constitute "a good faith attempt to comply with the court's order." The court stated, "[g]iven these circumstances, the court can draw no conclusion except that Osborne's failure to comply with the court's order was, not only his own fault, but also willful."
 
 
 10
 Based on the finding of the district court that it was Osborne's culpable conduct which triggered the default judgment, we find no abuse of discretion in the district court's denial of Osborne's Rule 60(b) motion.
 
 
 11
 The district court also noted that its denial of Osborne's motion for relief from default judgment was supported by Osborne's failure to present sufficient evidence of a meritorious defense. In re Hammer, 940 F.2d at 525. The court noted that Osborne's claims of ignorance with respect to the SEC charges were supported solely by his own conclusory statements. These bald assertions were insufficient to establish a meritorious defense. See Madsen v. Bumb, 419 F.2d 4, 6-7 (9th Cir.1969) and Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1568 (9th Cir.1990), cert. denied, 499 U.S. 976 (1991). We find no error in the district court's conclusion that Osborne failed to present a meritorious defense.
 
 
 12
 Finally, Osborne asserts, citing Fed.R.Civ.P. 55, that the district court erred by failing to hold an evidentiary hearing on damages. Osborne contends that the SEC's accounting, upon which the district court relied, violated his "due process" rights.
 
 
 13
 Rule 55(b)(2) states that it is within the discretion of the district court to hold an evidentiary hearing. In this case the district court stated, "[t]he court, finding the SEC's documentary evidence sufficient, was justified in fixing damages without a hearing and finds no reason to grant Osborne's request [for an evidentiary hearing] at this time."
 
 
 14
 In view of the district court's conclusion that no evidentiary hearing was necessary, and because Osborne has failed to articulate any specific error regarding the calculation of damages, and points to nothing in the record supporting this contention, we conclude that the district court did not abuse its discretion by denying Osborne's Rule 60(b) motion.
 
 
 15
 Having considered Osborne's remaining claims and finding them meritless, the decision appealed from is
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We agree with the district court's construction of Osborne's March 14, 1994 motion as a Rule 60(b) motion for relief from final judgment or order