85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
INVENTORY OF UNIVERSAL GOLD EXCHANGE, Defendant,
v.
George ATIK, Claimant-Appellant.
 No. 95-55257.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 10, 1996.*
Decided May 15, 1996.
 
 Before: REINHARDT, KOZINSKI, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant George Atik appeals the denial of his Fed.R.Civ.P. 60(b) motion for relief from a civil forfeiture default judgment.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court did not abuse its discretion in denying appellant's motion to set aside the default judgment forfeiting the inventory of Universal Gold Exchange to the government. See Hammer v. Drago, 940 F.2d 524, 525 (9th Cir.1991) (applying abuse of discretion standard to review of Rule 60(b) motion). Appellant received actual notice of the filing of the forfeiture action and failed to answer the complaint.[2] Accordingly, the denial of appellant's motion for relief is affirmed. See id. at 526 (refusing to set aside default judgment where party had "received actual or constructive notice of the filing of the action and failed to answer the complaint" (emphasis omitted)).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The forfeiture complaint was filed pursuant to 18 U.S.C. § 981
 
 
 [2]
 Indeed, it cannot be gainsaid that appellant knew of the civil forfeiture complaint. Appellant signed a stipulation agreeing to stay the matter until sixty days after criminal proceedings against appellant were completed. Appellant did not file an answer to the government's civil forfeiture complaint within the 60-day period