Luis LIMON–HERNANDEZ; Guillermo Limon–Hernandez; Rodolfo Sanchez–Sanchez; and Nestor Sanchez–Sanchez, Plaintiffs,

v.

Alejandro LUMBRERAS; Crystal Pine, Inc.; Bardomiano Lumbreras; and Amwest Surety Insurance Company, Defendants.

Civil No. 95–938–FR.

United States District Court, D. Oregon.

April 11, 1997.

James A. Boon, Oregon Law Center, Inc., Portland, OR, for Plaintiffs.

J. Terrence Bittner, Bittner, Barker & Hahs, P.C., Portland, OR, for Defendant Bardomiano Lumbreras.

## OPINION AND ORDER

FRYE, Judge:

Before the court is the motion of defendant Bardomiano Lumbreras to set aside judgment (#19).

## BACKGROUND

The plaintiffs filed their complaint on June 28, 1995. They filed a first amended complaint on August 7, 1995. David Simmons, an employee of Transerv Systems, Inc., was unable to personally serve defendant, Bardomiano Lumbreras, on three separate occasions at the residence of Lumbreras in Independence, Oregon. On October 18, 1995, Simmons served the summons, a copy of the first amended complaint, and other associated documents on a male who answered the door at the residence of defendant Lumbreras. The man who received service identified himself as Bardomiano Lumbreras. David Simmons has been a full-time process server since 1989. Simmons has no financial interest in this action and is paid whether he is able to serve a defendant or not. Simmons does not personally know Bardomiano Lumbreras.

The law firm retained by the plaintiffs has several office procedures to track mail being sent from the law firm. On October 25, 1995, an attorney for the plaintiffs mailed to Lumbreras a copy of the plaintiffs' motion to enlarge discovery and other deadlines. On February 5, 1996, an attorney for the plaintiffs mailed to Lumbreras copies of several documents being filed to obtain a default judgment against Lumbreras.

Lumbreras has never made an appearance in this court and has never contacted the plaintiffs' attorney concerning this action.

Accordingly, this court entered a default judgment against Lumbreras on March 7, 1996. On April 10, 1996, the District Court of the State of Oregon for Polk County mailed a letter to Lumbreras to inform him that the judgment entered by this court on March 7, 1996 had been registered as a foreign judgment in Polk County.

Lumbreras states in an affidavit that he was never served with the summons and amended complaint on October 18, 1995, or at any other time. He also states that he had no knowledge of this action until he applied for a commercial loan on February 7, 1997 and was told that a judgment lien was attached to his real property in Polk County. Attorneys for Lumbreras filed this motion to set aside the judgment on February 18, 1997.

## ANALYSIS AND RULING

Lumbreras relies on Fed.R.Civ.P. 55(c) and 60(b). Rule 55(c) states that a judgment that has been entered as a result of the defendant's default may be set aside in accordance with Rule 60(b). Rule 60(b) allows the court to relieve a party from a judgment for mistake, inadvertence, surprise, or excusable neglect if the motion is made within a reasonable time, and not more than one year after the judgment was entered. Rule 60(b) also allows the court to set aside a void judgment if the motion to set aside the judgment is made within a reasonable time.

The court's discretion to set aside a judgment is limited by three policy considerations: (1) Rule 60(b) is remedial in nature and must be applied liberally; (2) default judgments are generally disfavored, and cases should be decided on the merits if possible; and (3) if the defendant seeks timely relief from the default judgment and has a meritorious defense, any doubt about setting aside the default judgment should be resolved in favor of the defendant. *In re Hammer*, 940 F.2d 524, 525 (9th Cir.1991). The court has the discretion to deny a Rule 60(b) motion to set aside a default judgment if (1) the plaintiff would be prejudiced if the judgment is set aside; (2) the defendant has no meritorious defense; or (3) the defendant's culpable conduct led to the default. *Id.* at 525–26.

A federal court does not have personal jurisdiction over a defendant unless the de-

fendant has been properly served under Fed. R.Civ.P. 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688 (9th Cir.1988).

 Undisputably, David Simmons served an adult male who answered the door at the residence of Bardomiano Lumbreras. Simmons is a reputable process server with no financial or other interest in whether Lumbreras was served. Fed.R.Civ.P. 4(e)(2) allows service by leaving a copy of the summons and complaint at the defendant's usual abode "with some person of suitable age and discretion then residing therein." Even if the court assumes that the man Simmons served who identified himself as Bardomiano Lumbreras was not Lumbreras, the plaintiffs have complied with Rule 4(e)(2) by leaving a copy of the summons and first amended complaint with an adult male who was inside of the Lumbreras residence. The court finds that Lumbreras was properly served and that this court has jurisdiction.

Lumbreras has not explained his defense on the merits to this action; the court cannot assume that he has a meritorious defense.

In addition to the summons and complaint, the attorneys for the plaintiffs mailed two sets of documents to the residence of Lumbreras before this court entered the default judgment. A defendant who receives actual or constructive notice of the filing of the action and fails to answer has culpable conduct. *Id.* at 690. Based on this court's finding that Lumbreras was properly served at his home, and the notice that would come from these two mailings, the court concludes that Lumbreras had actual or constructive notice of this action. Thus, his conduct in failing to answer was culpable. Accordingly, the court declines to set aside the default judgment.

## CONCLUSION

The motion of defendant Bardomiano Lumbreras to set aside judgment (#19) is DENIED.

IT IS SO ORDERED.