In re: Norma J. HURT, aka Norma J. Pace Debtor.

Camden Properties Corporation; Wakefield Properties, Ltd., Appellants,

v.

Norma J. Hurt, Appellee.

No. 00–15978.

BAP No. AZ–99–01093KRRy.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 15, 2001.

Decided June 12, 2001.

Before HUG and T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

### MEMORANDUM **

This court independently reviews a bankruptcy court's decision without deferring to the BAP's decision. *Owens–Corning Fiberglass Corp. v. Ctr. Wholesale, Inc. (In re Ctr. Wholesale)*, 759 F.2d 1440, 1445 (9th Cir.1985). We review a bankruptcy court's decision on a Fed.R.Civ.P. 60(b) motion for abuse of discretion. *In re Hammer*, 940 F.2d 524, 525 (9th Cir.1991).

1. The bankruptcy court did not abuse its discretion in concluding that Appellants' Fed.R.Civ.P. 60(b) motion was untimely. Rule 60(b)(3), which provides relief where a judgment or order was based on fraud, has a one-year limitations period, which Appellants far exceeded.

■ We reject Appellants' contention that Rule 60(b)(6) is applicable. That provision cannot be used as a back-up for seeking relief that is otherwise available elsewhere in Rule 60(b). *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1050 (9th Cir.1993). Here, Rule 60(b)(3), addressing fraud, is clearly applicable to Appellants' allegations. Appellants dispute the applicability of Rule 60(b)(3), contending that the alleged perpetrator of the fraud is not "an adverse party" as to them because they were not parties to the original judgment. However, because Appellants have asserted standing [1] by virtue of their privity with

* Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. We assume without deciding that Appellants have standing.

parties to the judgment, they stand in the shoes of their predecessors. From that standpoint, the perpetrator of the fraud is an adverse party as to Appellants, and Rule 60(b)(3) does apply. In any event, the bankruptcy court did not abuse its discretion by concluding, in the alternative, that Appellants failed to meet the less stringent "reasonable time" filing deadline imposed by Rule 60(b)(6).

■ Finally, Appellants allege error in the bankruptcy court's failure to construe their motion as an "independent action" to reopen the earlier judgment. It bears repeating that Appellants have asserted standing by virtue of their privity with parties to that judgment. It necessarily follows that they cannot achieve a more favorable position than their predecessors. Were the original parties to the judgment the ones seeking to reopen it, we would have no difficulty in holding that they were time barred. No reason has been shown as to why laches and finality doctrines would not, at this late date, bar the original parties from bringing an independent action. Ample opportunity existed for Appellants' predecessors to discover the alleged fraud. The mere sale of the property by the predecessors does not create additional rights in favor of Appellants to attack the judgment. Accordingly, we find no error in the bankruptcy court's failure to address Appellant's motion as an independent action.

■ 3. Finally, in her brief Hurt asks the court to sanction Appellants under Fed. R.App. P. 38 for filing a frivolous appeal. However, as the advisory committee notes make clear, a statement in a brief does not give sufficient notice to the person sought to be sanctioned. Before sanctions may be imposed, the person to be sanctioned must have notice and an opportunity to respond. Accordingly, attorney Jonathan C. Scott, the law firm of Scott & Scott, L.L.P., Camden Properties, and Wakefield Properties are hereby ORDERED to show cause why sanctions should not be imposed for filing a frivolous appeal. Within 21 days, counsel for Hurt is ORDERED to file an affidavit of fees and costs, and suggest the amount to be awarded. Mr. Scott, Scott & Scott, Camden, and Wakefield will then have 15 days to comply with the order to show cause and to object to the affidavit of fees and costs.

AFFIRMED.