**In re: James W. KEENAN, dba Data Property Services, Debtor,**

**Ross Pyle, Plaintiff—Appellee,**

v.

**Judy Keenan, Defendant—Appellant.**

No. 99–56213.

D.C. No. CV–98–02105–TJW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2002.

Decided Feb. 21, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before TROTT, THOMAS and WARDLAW, Circuit Judges.

MEMORANDUM *

Judy Keenan ("Keenan") appeals the district court's judgment affirming the bankruptcy court's order denying her Fed. R.Civ.P. 60(b) motion to set aside a default judgment. We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

We review the bankruptcy court's decision independent of the district court's decision. *See Prestige Ltd. P'ship–Concord v. E. Bay Car Wash Partners (In re Prestige Ltd. P'ship–Concord),* 234 F.3d 1108, 1114 (9th Cir.2000). We review a bankruptcy court's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion. *See Hammer v. Drago (In re Hammer),* 940 F.2d 524, 525 (9th Cir.1991).

Despite Keenan's awareness of the bankruptcy court's entry of default judgment, she failed to file her Rule 60(b) motion for relief from the judgment within a reasonable time. *See Meadows v. Dominican Republic,* 817 F.2d 517, 520–21 (9th Cir.1987). Furthermore, the trustee has relied on the finality of the default judgment to transact substantial business for the bankruptcy estate and reopening the case would prejudice these undertakings. *See Hammer,* 940 F.2d at 525–26. Thus, the bankruptcy court did not abuse

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Keenan also contends the trustee failed to provide three days notice as required by Fed. R.Civ.P. 55(b)(2). Because Keenan did not raise this argument before the bankruptcy

its discretion in denying Keenan's Rule 60(b) motion.

AFFIRMED.[1]

court we do not consider it on appeal. *O'Rourke v. Seaboard Surety Co. (In re E.R. Fegert, Inc.),* 887 F.2d 955, 957 (9th Cir.1989).