**Vinh Hong NGUYEN, Petitioner—Appellant,**

v.

**Anthony A. LAMARQUE, Respondent—Appellee.**

No. 06–15109.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2006.

Filed Oct. 20, 2006.

---

**3.** No reverse offset was applied by the State of California to Avery's state workers' compensation disability benefits.

Meredith Fahn, Esq., San Jose, CA, for Petitioner–Appellant.

Jeremy E. Friedlander, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: REINHARDT, RYMER, and THOMAS, Circuit Judges.

## MEMORANDUM *

Vihn Hong Nguyen appeals the district court's denial of his motion to reopen his federal habeas corpus proceedings pursuant to Fed.R.Civ.P. 60(b)(6). We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here. We review the

district court's denial of a Rule 60(b) motion for an abuse of discretion. *United States v. Washington,* 394 F.3d 1152, 1157 (9th Cir.2005).

A Rule 60(b)(6) motion is required to be brought "within a reasonable time." Fed. R.Civ.P. 60(b)(6). "What constitutes a reasonable time depends on the facts of each case," and should take into consideration the reasons for the delay and whether the government was prejudiced by the delay. *In re Pacific Far East Lines, Inc.,* 889 F.2d 242, 249 (9th Cir.1989) (citations omitted). If timely brought, relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641, 2650, 162 L.Ed.2d 480 (2005). Rule 60(b)(6) is to be used "sparingly [and] as an equitable remedy to prevent manifest injustice." *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir.1993). "Such circumstances will rarely occur in the habeas context." *Gonzalez,* 125 S.Ct. at 2649. To obtain such relief, "[t]he party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Cmty. Dental Servs. v. Tani,* 282 F.3d 1164, 1168 (9th Cir.2002).

In this case, we agree with the district court that, whatever may have prevented Nguyen from taking timely action from June 2001, when his federal habeas petition was dismissed, until the California Supreme Court denied his state habeas petition in April 2002, Mr. Nguyen offers no legally valid explanation for his two-year delay between April 2002 and March 2004. Nguyen had exhibited the ability to pursue his state claims diligently, despite the language barrier and other impediments that he now claims limited his ability to pursue federal relief in a timely

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

manner. There is nothing in the record to demonstrate diligence in pursuing his claims during the two year period at issue. *See Mendoza v. Carey,* 449 F.3d 1065, 1070 (9th Cir.2006) (non-English speaking petitioner seeking equitable tolling of AEDPA time limitation must show "diligent efforts" to procure legal materials in his own language or otherwise seek translation assistance from any source).

Given the record, the district court did not abuse its discretion in denying the Rule 60(b) motion. *See In re Hammer,* 940 F.2d 524, 526 (9th Cir.1991) (two-year delay unreasonable); *Morse–Starrett Products Co. v. Steccone,* 205 F.2d 244, 249 (9th Cir.1953) (twenty-two months unreasonable when no explanation given for delay).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.