**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: FORT DEFIANCE HOUSING CORPORATION, <br><br> Debtor, <br><br>——————————————— <br><br> BRENDA TODD; WILLIAM AUBREY, <br><br> Defendants-Appellants, <br><br> v. <br><br> BRENDA MOODY WHINERY, as Chapter 11 Trustee of Fort Defiance Housing Corporation, Inc., <br><br> Plaintiff-Appellee. | Nos. 11-16223, 11-16224 <br><br> D.C. No. 2:10-cv-01918-JAT <br><br> MEMORANDUM[*] |

Appeals from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted November 13, 2012[**]

———————————

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes these cases are suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

In these consolidated appeals, William Aubrey and Brenda Todd appeal pro se from the district court's order affirming the bankruptcy court's denial of their motion for dismissal of judgment under Federal Rule of Civil Procedure 60 in the adversary proceeding brought against them. We have jurisdiction under 28 U.S.C. § 158(d). We review decisions of the bankruptcy court independently without deference to the district court's determinations. *Leichty v. Neary, (In re Strand)*, 375 F.3d 854, 857 (9th Cir. 2004). We affirm.

The bankruptcy court did not abuse its discretion by concluding that appellants failed to demonstrate mistake, inadvertence, excusable neglect, newly discovered evidence, misconduct, fraud or any other basis for relief from judgment. *See* Fed. R. Civ. P. 60(b), (d)(3); *Hammer v. Drago (In re Hammer)*, 940 F.2d 524, 525 (9th Cir. 1991) (setting forth standard of review).

Appellants' contentions that the bankruptcy court was not impartial are unpersuasive because appellants do not point to any evidence in the record of judicial bias. *See Commercial Paper Holders v. Hine (Matter of Beverly Hills Bancorp),* 752 F.2d 1334, 1341 (9th Cir. 1984) ("Unfavorable rulings alone are legally insufficient to require recusal.").

We do not consider matters not specifically and distinctly raised and argued

in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

     **AFFIRMED.**