**Mario LOPEZ, et al.,**
**Plaintiffs-Appellees,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, et al.,**
**Defendants-Appellants.**

No. 85–5598.

United States Court of Appeals,
Ninth Circuit.

Feb. 15, 1985.

Marilyn Holle, Protection & Advocacy, Inc., Los Angeles, Cal., for plaintiffs-appellees.

Mark Stern, Lewis K. Wise, Dept. of Justice, Washington, D.C., for defendants-appellants.

ORDER

Before PREGERSON and REINHARDT, Circuit Judges.

Appellants seek to stay pending appeal those provisions of the district court's orders (1) requiring them to include in a mailing to class members an informational notice prepared by plaintiffs' counsel and (2) defining the class in a manner inconsistent with the definition set forth in a prior decision of ours. The inconsistency arises from the fact that although we previously issued an opinion that would have required the district court to modify its class determination, the Supreme Court vacated the judgment and remanded the proceedings in light of the intervening passage of the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–640, 98 Stat. 1794 (1984). *See Lopez v. Heckler,* 725 F.2d 1489, 1499 (9th Cir.), *vacated and remanded,* —— U.S. ——, 105 S.Ct. 583, 83 L.Ed.2d 694 (1984). The class certification initially made by the district court was never modified.

---

We doubt that the Reform Act prohibits the district court from exercising its discretion regarding the information that the class members should receive in connection with the Secretary's dissemination of the statutorily required notice. We note, incidentally, that the district court did not enjoin the Secretary from mailing the notice she wished to send. We also note that appellants have not raised any challenge to the content of appellees' notice.

Appellants have also failed to demonstrate that they are likely to prevail on their challenge to the district court's determination of the class entitled to the benefits of the Reform Act. To the contrary, although appellants' position is not groundless, we believe it is likely that Congress meant the Reform Act to benefit the members of all existing certified classes without reference to pending attempts to challenge the class definition (including those that might be contained in circuit court opinions that are subsequently rendered ineffective as a result of actions of the Supreme Court). As the Joint Explanatory Statement of the Committee of Conference, Congressional Record H.9828 (September 19, 1984) noted, "[the Reform Act] provides that *the existing certified classes* will be covered by the new standard in order to resolve the existing controversy over the medical improvement issue in the courts." (Emphasis added.)

While appellants may arguably have raised a serious question and thus may have satisfied the merits portion of the less stringent end of the continuum we employ in examining requests for injunctive relief pending appeal, *see Lopez v. Heckler,* 713 F.2d 1432, 1435 (9th Cir.), *rev'd in part on other grounds,* 463 U.S. 1328, 104 S.Ct. 10, 77 L.Ed.2d 1431, —— U.S. ——, 104 S.Ct. 221, 78 L.Ed.2d 217 (1983), we find again, as we have previously, that appellants fall far short of satisfying the other part of our test. Specifically, the balance of hardships in this litigation does not favor appellants; it tips sharply in favor of appellees. *Id.* at 1436–38.

Appellants' emergency motion for stay is therefore denied.