76 F.3d 390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
$263,980.00 U.S. CURRENCY, Defendant,
Calvin L. Robinson, Claimant-Appellant.
 No. 95-55676.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 23, 1996.*
Decided Jan. 30, 1996.
 
 Before: ALARCON, HALL, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Calvin Robinson, a federal prisoner, appeals pro se the district court's (1) denial of his motion for reconsideration of the court's order striking his claim, (2) grant of default judgment for the government, and (3) denial of numerous other orders. The district court granted the government's motion to strike Robinson's claim against $263,980.00 which was the subject of a civil forfeiture proceeding by the United States. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.[1]
 
 
 3
 * Background
 
 
 4
 On June 1, 1994, the government filed a complaint for forfeiture against $263,980.00 ("the currency") alleging that it was subject to forfeiture for its involvement in narcotics trafficking operations. The property had been seized from the southern California home of the Larios after the Larios reported an armed robbery. Both the Larios and the robbers disclaimed ownership of the currency.
 
 
 5
 Robinson filed a timely claim and answer. On December 12, 1994, the district court entered an order striking Robinson's claim to the currency for lack of standing and for refusal to comply with discovery. Robinson filed a motion for reconsideration of the order striking his claim, which the district court denied on January 26, 1995. Default judgment in favor of the government was entered on January 30, 1995.
 
 II
 Merits
 
 6
 We review de novo the district court's determination that a claimant lacks standing to challenge a forfeiture. See Ellis v. City of La Mesa, 990 F.2d 1518, 1523 (9th Cir.1993), cert. denied, 114 S.Ct. 2707 and 115 S.Ct. 311 (1994). The claimant bears the burden of showing that he or she owns or has an interest in the forfeited property. See United States v. $191,910.00 in U.S. Currency, 16 F.3d at 1051, 1057 n. 8 (9th Cir.1994). "This interest need not be an ownership interest; it can be any type of interest, including a possessory interest." Id. at 1057.
 
 
 7
 Here, Robinson claimed that he was the sole owner of the currency because it was given to him by an anonymous donor "to be used exclusively to stop government bureaucrats from using laws of plunder to steal the Life, Liberty, and Property of any person." Robinson further claimed that he was not required to answer any discovery requests made by the government to verify his claim of ownership because: (1) he was the sole claimant of the currency, (2) the donor desired to remain anonymous, and (3) there were numerous alleged improprieties in the seizure of the property.
 
 
 8
 Given these circumstances, the district court did not err by striking Robinson's claim for lack of standing. See Ellis, 990 F.2d at 1523. Robinson's motion for reconsideration of this order was also properly denied because he failed to meet the requirements for relief under either Rule 59(e) or Rule 60(b). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Furthermore, because Robinson's claim was properly stricken and no other claims for the currency were filed, the district court properly granted default judgment for the government. See Fed.R.Civ.P. 55(a) (providing that default judgment may be entered when a party "has failed to plead or otherwise defend" an action).
 
 III
 Other Claims
 
 9
 Robinson's other claims are also without merit. First, we construe Robinson's motion to disregard the government's application for entry of default judgment as a Rule 60(b) motion, and affirm because Robinson had no meritorious defense. See In re Hammer, 940 F.2d 524, 525 (9th Cir.1991). Second, we hold that the district court did not abuse its discretion by denying Robinson's motion for a stay pending appeal because Robinson failed to show either a probability of success on the merits or that his appeal raised serious legal questions. See Lopez v. Heckler, 753 F.2d 1464, 1465 (9th Cir.1985). Finally, we note that the district court did not err by denying Robinson's motion for a statement of findings of fact and conclusions of law because such findings are not required. See Fed.R.Civ.P. 52.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe Robinson's motion for leave to appeal as a request for certification under Fed.R.Civ.P. 54(b), and affirm the district court's denial. See Blair v. Shanahan, 38 F.3d 1514, 1522 (9th Cir.1994) (noting that refusal to certify interlocutory appeal is reviewed for abuse of discretion, with substantial deference given to the district court), cert. denied, 115 S.Ct. 1698 (1995)