**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RYAN BONNEAU, | No. 11-35051 |
| Plaintiff - Appellant, | D.C. No. 3:99-cv-01275-ST |
| v. | |
| CROSSLAND MORTGAGE CORPORATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Janice M. Stewart, Magistrate Judge, Presiding[**]

Submitted October 9, 2012[***]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

    Ryan Bonneau appeals pro se from the district court's order denying his

motion to reopen his diversity action against his former employer. We have

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the denial of a motion to reopen. *Weeks v. Bayer*, 246 F.3d 1231, 1234 (9th Cir. 2001). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Denial of Bonneau's motion to reopen, which we construe under Federal Rule of Civil Procedure 60(b)(6), was proper because Bonneau waited over five years between allegedly learning of the termination of his bankruptcy case and filing the motion, and this delay was unreasonable. *See* Fed. R. Civ. P. 60(c)(1) (motion under Rule 60(b)(6) must be made within a "reasonable time"); *Hammer v. Drago (In re Hammer)*, 940 F.2d 524, 526 (9th Cir. 1991) (unexcused two-year delay unreasonable); *cf.* Or. Rev. Stat. § 12.160 (tolls statute of limitations for persons with a "disability" because they are minors or insane); *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (Or. Rev. Stat. § 12.160 does not toll statute of limitations during periods of imprisonment).

The district court did not abuse its discretion in denying Bonneau's motion for reconsideration because Bonneau failed to show grounds warranting reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

Bonneau's contentions regarding Crossland's declarations are unpersuasive.

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Bonneau's motion to strike is denied.

**AFFIRMED.**